**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MATTHEW RUTHENBERG,

    Plaintiff,

                CASE NO. 07-CV-15010

vs.

                PAUL D. BORMAN
THE BUREAUS, INC.,          UNITED STATES DISTRICT JUDGE

    Defendant.
_____/

**OPINION AND ORDER**
**GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

The matter before the Court is Defendant The Bureaus, Inc.'s ("Defendant") May 30, 2008 Motion for Summary Judgment. (Dkt. No. 14). Plaintiff Matthew Ruthenberg ("Plaintiff") responded on June 20, 2008. A hearing on the issue was held on August 18, 2008. For the following reasons, the Court GRANTS Defendant's Motion for Summary Judgment.

**I.  BACKGROUND**

This case arises from Plaintiff's allegations that Defendant committed violations of the Fair Debt Collection Practices Act ("FDCPA"), Michigan Collection Practices Act ("MCPA"), and the Michigan Occupational Code ("MOC").

On January 26, 2007, Plaintiff's account was referred to Defendant for collection. (Def. Br. Ex. A, Sanglang Aff. ¶ 3). On January 30, 2007, Defendant sent Plaintiff correspondence entitled "801". (*Id*. ¶ 5 & Ex. 1, History of Account). The 801 correspondence states in relevant part:

> Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office within 30 days from receiving this notice this office will: obtain verification of debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.

(Sanglang Aff, Ex. 2, Exemplar 801). Plaintiff did not respond to this notification.

On March 12, 2007, Defendant sent correspondence entitled "702" to Plaintiff. (*Id*. ¶ 6; Account History). On June 7, 2007, Defendant sent correspondence entitled "703" to Plaintiff. (*Id*.). Neither of these notifications contained language regarding the validation of debt but did convey that the letters were "an attempt to collect a debt". (*Id*., Ex. 2, Exemplar 702 & Ex 3, Exemplar 703). Plaintiff did not respond to these notifications.

On September 14, 2007, Defendant forwarded two letters to Plaintiff; 702 again and also correspondence entitled "704". (*Id*. 6, Ex. 5, Exemplar 704; Account History).

On October 5, 2007, Defendant received a letter from Plaintiff. (Plf. Br. Ex. 4, Receipt). On October 8, 2007, Defendant's records indicate it processed the letter. Plaintiff's letter states:

> You are seeking money from me for a debt amount I dispute. You have threatened me with lawsuits and credit problems. Please CEASE AND DESIST.
>
> **PLEASE CEASE AND DESIST FROM CONTACTING ME AGAIN WITHOUT FIRST <u>VALIDATING THE DEBT</u> AND SHOW ME THE DEBT AGREEMENT THAT AUTHORIZED YOU TO SEEK THIS MONEY FROM ME AND MAKE THESE CALLS.**
>
> **PLEASE STOP CALLING ME.**
>
> **PURSUANT TO THE FDCPA, CEASE AND DESIST FROM COLLECTING ON THE DEBT BY CALLING ME. DO NOT THREATEN MY CREDIT. I DISPUTE THIS.**
>
> Thank you for your immediate cooperation.

(Plf. Br. Ex. 3, Letter) (emphasis in original).

It is undisputed that on October 9, 2007, Defendant sent Plaintiff, for the second time, correspondence entitled 801. (Sanglang Aff., Account History). After sending this notice, Defendant did not contact Plaintiff again. (*Id*. ¶ 12).

2

Plaintiff filed the instant complaint on November 7, 2007 in the 46th District Court of Michigan. (Notice of Removal). The Complaint was removed to this Court on November 26, 2007. (*Id*.). Plaintiff alleges two claims in his Complaint: (1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and (2) violations of the Michigan Occupational Code violations under Mich. Comp. Laws § 339.915 and Michigan Collections Practices Act, Mich. Comp. Laws § 445.252

## II. ANALYSIS

### A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323; *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984)

(quoting BLACK'S LAW DICTIONARY 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. FED. R. CIV. P. 56(e). The rule requires that non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

**B.     15 U.S.C. § 1692g**

Defendant argues that summary judgment is appropriate for Plaintiff's claims under 15 U.S.C. § 1692g. Defendant contends it sent Plaintiff the proper statutory notice and further, Plaintiff's claim that Defendant failed to verify the debt in question fails for the reason that Plaintiff did not respond to the statutory notice in the required 30 days pursuant to § 1692g(a)(4).

Section 1692g states in pertinent part:

> (a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
>
>> (1) the amount of the debt;
>> (2) the name of the creditor to whom the debt is owed;
>> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
>> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Defendant has produced Plaintiff's account history which corroborates Defendant's Vice President Aristotle Sanglang's affidavit that Plaintiff was sent statutory notice on January 30, 2007. Plaintiff has not disputed or raised any genuine issues of material fact regarding his receipt of this notice, nor has Plaintiff argued that Defendant's exemplar of correspondence 801 does not meet the statutory requirements.[1] For these reasons, Plaintiff's claims that Defendant violated § 1692g by failing to give him proper notice is dismissed.

To the extent Plaintiff argues that Defendant violated § 1692g(b) by not validating his debt after he notified them of his dispute, this argument is flawed. As stated above, Plaintiff fails to argue or present any evidence that he did not receive correspondence "801" sent on January 30, 2007. Pursuant to § 1692g(a)(4), 30 days elapsed between Plaintiff's notification of the debt and

---

[1] Plaintiff argued for the first time at the hearing that he had not received the previous notices from Defendant. Further, although Plaintiff referenced an affidavit in which he states he did not receive these previous notices, this affidavit is not part of the record before the Court.

his early October, 2007 letter to Defendant disputing the debt. Therefore, the statutory 30 day period to dispute the debt had elapsed. For these reasons, summary judgment is appropriate.

**C.     15 U.S.C. § 1692c(c)**

Plaintiff claims that Defendant violated 15 U.S.C. § 1692c(c) when it mailed him correspondence entitled "801" after he notified Defendant that he did not want to be contacted. Defendant argues that Plaintiff's claim that it violated 15 U.S.C. § 1692c(c) is without merit because the language in Plaintiff's letter did not invoke the statute.

Section 1692(c) regulates the communication in connection with debt collection. Section 1692c states in pertinent part:

> (c)     Ceasing communication. If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer the debt collector shall not communicate further with the consumer with respect to such debt except –
>
> > (1)     to advise the consumer that the debt collector's further efforts are being terminated;
> > (2)     to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
> > (3)     where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy. If such notice from the consumer is made by mail, notification shall be compete upon receipt.

15 U.S.C. § 1692c(c).

There is no dispute that Defendant sent Plaintiff a letter notification after receiving and processing Plaintiff's October, 2007 cease and desist letter. Plaintiff states in his letter, "[p]lease cease and desist from contacting me without first validating the debt and show me the debt agreement that authorized you to seek this money from me and make these calls." (Letter). Defendant avers that through this language, Plaintiff's request for Defendant to cease contacting him

6

was conditioned on Defendant validating his debt. Defendant argues that because Defendant was no longer under a statutory duty to validate the debt, § 1692c(c) was not violated by the letter sent on October 9, 2007. Further, Defendant contends it honored Plaintiff's request by not contacting him again.

Although it does appear in one sentence that Plaintiff conditions his request for Defendant to stop contacting him, when the letter is read as a whole, there remains a genuine issue of material fact regarding whether Plaintiff wished for all contact to be stopped. Indeed, Plaintiff requests no less than three times in the letter that Defendant "cease and desist" in contacting him without any mention or the validation of the debt. Further, Defendant itself refers to this correspondence as a "Cease and Desist in Writing" in Plaintiff's Account History. (Account History at 2). Therefore, Defendant has failed to show that there is no genuine issue of material fact regarding whether the letter invoked § 1692c(c) and summary judgment is denied on this issue.

### D. Bona Fide Error

Defendant alternatively requests summary judgment on the issue of whether it violated § 1692c(c) or § 1692g on the basis that it committed a bona fide error in sending a second 801 notification to Plaintiff after being instructed by letter to cease and desist contacting him on October 8, 2007.

The FDCPA is a strict liability statute, and as a result, the statute does not require a showing of intentional conduct. *See e.g. Lovelace v. Stephens & Michaels Assc.*, No. 07-10956, 2007 U.S. Dist. LEXIS 83281 * 6 (E.D. Mich. Nov. 9, 2007) (Cohn, J.) (unpublished). However, a debt collector may not be held liable under the FDCPA if, "the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding

the maintenance of procedures reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). "The burden is on the debt collector to prove, by a preponderance of the evidence, both a lack of intent to violate the Act and the implementation of procedures designed to avoid a violation of the Act." *Smith v. Transworld Sys. Inc.*, 953 F.2d 1025, 1034 (6th Cir. 1992); *see Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich*, ___ F.3d ___, 2008 WL 3823056 *6 (6th Cir. Aug. 18, 2008) (holding the bona fide error doctrine applies to mistakes of law as well as clerical errors.).

In the instant case, Defendant has set forth Plaintiff's account history which illustrates that he was contacted only once after notifying Defendant that he wished them to cease and desist contact. The record is clear that Defendant sent Plaintiff only one piece of correspondence, and that correspondence was the same letter it sent to Plaintiff when his account was opened. (Account History). Defendant has also attached the affidavit of its vice president which explains its established procedures regarding a debtor's dispute:

> Pursuant to [Defendant's] established procedures, when [Defendant] receives a notice of dispute from a debtor, the debtor's account is notated as disputed. Notating the account as disputed has tactics associated with it to prevent all communications with the debtor. Thereafter, [Defendant] notifies the creditor of the dispute. If the creditor confirms the dispute, the account is returned to the creditor.

(Sanglang Aff. ¶ 11). In Plaintiff's account history, there are notations from the debt collector on October 8, 2007, that a "cease and desist" letter was received. On the following day, a notation was made stating "Restriction on Debtor 1 added". (*Id.*).

The notations in Plaintiff's account history, as well as the undisputed fact that Plaintiff was only contacted once after notifying Defendant to cease and desist support Defendant's contention that the October 9, 2007 correspondence was a bona fide clerical error. Defendant has also set forth an uncontradicted affidavit explaining that it has established procedures to prevent communications

8

to a debtor after a debt is disputed. These procedures are corroborated by Plaintiff's account history which shows notations made detailing Plaintiff's request for validation of the debt and also a restriction on his account after the receipt of the request.

Plaintiff offers no evidence or testimony to rebut Defendant's evidence of bona fide error. Rather, Plaintiff simply argues that Defendant has not set forth "any evidence" and therefore summary judgment is inappropriate.

During oral argument, Plaintiff asserted for the first time that Defendant violated his request to "cease and desist" when it contacted the credit bureau regarding his account twice. Plaintiff relied upon *Sullivan v. Equifax*, No. 01-4336, 2002 WL 799856 (E. PA. Apr. 19, 2002) (unpublished) arguing that a debt collector could violate § 1692c(c) by continuing to communicate with a credit reporting agency.

In *Sullivan*, the court held that a debt collection agency's failure to communicate to a credit reporting agency that a disputed debt was disputed in violation of § 1692e(8). *Id*. at *4-5. The court explained that "[b]ecause reporting a debt to a credit reporting agency can be seen as a communication in connection with the collection of a debt, the reporting of such a debt in violation of the provisions of § 1692e(8) can subject a debt collector to liability under the FDCPA." *Id*. at *4.

The Court notes that *Sullivan* being an unpublished case from a different district court is not binding upon this Court. Further, in the instant case, Plaintiff is alleging a violation of § 1692c(c), not a violation of § 1692e(8). Plaintiff has set forth no case law wish supports the conclusion that communicating to a credit reporting agency constitutes further "communication" with the consumer, as prohibited under § 1692c(c). Therefore, the Court finds this argument without merit and inapplicable in the instant case.

9

In light of this evidence, the Court finds summary judgment is appropriate as Defendant carried its burden by showing the second 801 notice was sent by clerical error and it has established procedures designed to avoid violation of the FDCPA.

### E. 15 U.S.C. §§ 1692d, 1692e, and 1692f

Plaintiff alleges violations of 15 U.S.C. §§ 1692d, 1692e and 1692f in his Complaint. Pursuant to § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Section 1692e provides "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." Section 1692f states "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

Plaintiff's Complaint only alleges one apparent violation – that Defendant sent a second 801 notice one day after receiving his notice to cease and desist contacting him. Plaintiff has not set forth any facts or case law in his Complaint or brief which would support this Court finding any of Defendant's behavior "harassing," "deceptive" or "unfair." Further, the Court finds that the second 801 notice was a bona fide error which was not repeated and therefore, it is not the basis for any harassing or abusive conduct under §§ 1692d, 1692e, 1692f.

### F. MCPA and MOC Claims

Plaintiff also claims violations under the MCPA and MOC. Plaintiff alleges that Defendant violated the following sections of the MCPA: Mich. Comp. Law § 445.252(a), by using false representations and deceptive means in contacting him; § 445.252(n), by using "harassing, oppressive or abusive methods to collect on a debt;" § 445.252(q), "by failing to implement a procedure designed to prevent a violation by an employee;" and § 445.252(f)(ii), by

10

"misrepresenting the legal rights of the debtor." (Compl. ¶¶ 32-35). Plaintiff also alleges Defendant violated at least four sections of the MOC by communicating with a debtor in a misleading manner, using harassing methods, failing to implement a procedure to prevent a violation of an employee,, and by misrepresenting the debtor's legal rights. (Compl. ¶ 36, & Mich. Comp. Law 339.915(a),(q),(n) & (f)(ii)). All of these claims are based on the singular correspondence entitled 801 sent one day after Plaintiff requested Defendant cease and desist contacting him.

As stated previously, the Court finds that this correspondence was sent as a result of a bona fide error and therefore will not be considered the basis as harassing or deceptive behavior. Further, Plaintiff has not set forth any facts or case law which support the alleged violations and abusive and deceptive conduct in his Complaint and Plaintiff has not shown or even argued that the information in the letters was harassing, deceptive, false or misleading. Indeed, Plaintiff does not address these claims in his responsive briefing.

For these reasons, the Court finds summary judgment on all of the pendent state law claims is appropriate.

### III. CONCLUSION

For these reasons, the Court GRANTS Defendant's Motion for Summary Judgment.

**SO ORDERED**.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 25, 2008

11

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on August 25, 2008.

                                        s/Denise Goodine
                                        Case Manager